### IN THE UNITED STATES DISTRICT COURT
### FOR THE SOUTHERN DISTRICT OF WEST VIRGINIA

### BECKLEY DIVISION

| | |
|---|---|
| **DANNY S. PITTMAN,** ) | |
| ) | |
| **Plaintiff,** ) | |
| ) | |
| v. ) | **CIVIL ACTION NO. 5:04-0283** |
| ) | |
| **JO ANNE B. BARNHART,** ) | |
| **Commissioner of Social Security,** ) | |
| ) | |
| **Defendant.** ) | |

### M E M O R A N D U M   O P I N I O N

This is an action seeking review of the decision of the Commissioner of Social Security denying Claimant's application for Supplemental Security Income (SSI), under Title XVI of the Social Security Act, 42 U.S.C. §§ 1381-1383f. This case is presently pending before the Court on Plaintiff's Motion for Summary Judgment and Defendant's Motion for Judgment on the Pleadings. Both parties have consented in writing to a decision by the United States Magistrate Judge.

The Plaintiff, Danny S. Pittman (hereinafter referred to as "Claimant"), filed an application for SSI on December 27, 2001 (protective filing date), alleging disability as of July 24, 2000, due to spinal stenosis and compressed discs, degenerative disc disease, back pain, depression, and substance abuse. (Tr. at 50-53, 37, 43.) The claim was denied initially and upon reconsideration. (Tr. at 37-41, 43-45.) On December 3, 2002, Claimant requested a hearing before an Administrative Law Judge (ALJ). (Tr. at 46.) A hearing was held on July 16, 2003, before the Honorable Timothy C. Pace. (Tr. at 186-223.) By decision dated October 10, 2003, the ALJ determined that Claimant was not entitled to benefits. (Tr. at 11-22.) The ALJ's decision became the final decision of the Commissioner on February 2, 2004, when the Appeals Council denied Claimant's request for review. (Tr. at 6-8.) On March 22, 2004, Claimant brought the present action seeking judicial

review of the administrative decision pursuant to 42 U.S.C. § 405(g).

Under 42 U.S.C. § 423(d)(5) and § 1382c(a)(3)(H)(I), a claimant for disability benefits has the burden of proving a disability. See Blalock v. Richardson, 483 F.2d 773, 774 (4th Cir. 1972). A disability is defined as the inability "to engage in any substantial gainful activity by reason of any medically determinable physical or mental impairment which . . . can be expected to last for a continuous period of not less than 12 months . . . ." 42 U.S.C. § 1382c(a)(3)(A).

The Social Security Regulations establish a "sequential evaluation" for the adjudication of disability claims. 20 C.F.R. § 416.920 (2004). If an individual is found "not disabled" at any step, further inquiry is unnecessary. Id. § 416.920(a). The first inquiry under the sequence is whether a claimant is currently engaged in substantial gainful employment. Id. § 416.920(b). If the claimant is not, the second inquiry is whether claimant suffers from a severe impairment. Id. § 416.920(c). If a severe impairment is present, the third inquiry is whether such impairment meets or equals any of the impairments listed in Appendix 1 to Subpart P of the Administrative Regulations No. 4. Id. § 416.920(d). If it does, the claimant is found disabled and awarded benefits. Id. If it does not, the fourth inquiry is whether the claimant's impairments prevent the performance of past relevant work. 20 C.F.R. § 416.920(e). By satisfying inquiry four, the claimant establishes a prima facie case of disability. Hall v. Harris, 658 F.2d 260, 264 (4th Cir. 1981). The burden then shifts to the Commissioner, McLain v. Schweiker, 715 F.2d 866, 868-69 (4th Cir. 1983), and leads to the fifth and final inquiry: whether the claimant is able to perform other forms of substantial gainful activity, considering claimant's remaining physical and mental capacities and claimant's age, education and prior work experience. 20 C.F.R. § 416.920(f) (2004). The Commissioner must show two things: (1) that the claimant, considering claimant's age, education, work experience, skills and physical shortcomings, has the capacity to perform an alternative job, and (2) that this specific job exists in

the national economy. McLamore v. Weinberger, 538 F.2d 572, 574 (4th Cir. 1976).

In this particular case, the ALJ determined that Claimant satisfied the first inquiry because he had not engaged in substantial gainful activity since the alleged onset date. (Tr. at 15.) Under the second inquiry, the ALJ found that Claimant suffered from the severe impairments of depression, anxiety, and degenerative disk and joint disease. (Tr. at 17.) At the third inquiry, the ALJ concluded that Claimant's impairments did not meet or equal the level of severity of any listing in Appendix 1. (Tr. at 17.) The ALJ then found that Claimant had the residual functional capacity to lift up to 10 pounds occasionally and stand/walk 6 out of 8 hours per day. (Tr. at 19.) He could not bend at the waist, crawl, kneel, or squat; would be limited to simple, repetitive job tasks with minimal social interaction; would require a low noise environment; and could not work at heights because of knee instability. (Tr. at 19.) As a result, Claimant could not return to his past relevant work. (Tr. at 19.) Nevertheless, the ALJ concluded that Claimant could perform jobs such as price marker, hand packager, and small parts assembler, which exist in significant numbers in the national economy. (Tr. at 20.) On this basis, benefits were denied. (Tr. at 20-22.)

Scope of Review

The sole issue before this Court is whether the final decision of the Commissioner denying the claim is supported by substantial evidence. In Blalock v. Richardson, substantial evidence was defined as:

> evidence which a reasoning mind would accept as sufficient to support a particular conclusion. It consists of more than a mere scintilla of evidence but may be somewhat less than a preponderance. If there is evidence to justify a refusal to direct a verdict were the case before a jury, then there is 'substantial evidence.'

Blalock v. Richardson, 483 F.2d 773, 776 (4th Cir. 1972) (quoting Laws v. Celebrezze, 368 F.2d 640, 642 (4th Cir. 1966)). Additionally, the Commissioner, not the Court, is charged with resolving conflicts in the evidence. Hays v.Sullivan, 907 F.2d 1453, 1456 (4th Cir. 1990). Nevertheless, the

Courts "must not abdicate their traditional functions; they cannot escape their duty to scrutinize the record as a whole to determine whether the conclusions reached are rational." Oppenheim v. Finch, 495 F.2d 396, 397 (4th Cir. 1974).

A careful review of the record reveals the decision of the Commissioner is supported by substantial evidence.

Claimant's Background

Claimant was born on November 22, 1952, and was 50 years old at the time of the administrative hearing. (Tr. at 51.) Claimant received his G.E.D. and completed EMT training. (Tr. at 65.) In the past, he worked as an EMT, maintenance mechanic, plumber, and tile installer/floor layer. (Tr. at 212.)

The Medical Record

The Court has reviewed all the evidence of record, including the medical evidence, and will discuss it below as it relates to Claimant's arguments.

Claimant's Challenges to the Commissioner's Decision

Claimant asserts that the Commissioner's decision is not supported by substantial evidence because: (1) the ALJ erred in assessing Claimant's pain and credibility; and (2) the ALJ failed to consider Claimant's impairments in combination. The Commissioner asserts that these arguments are without merit and that the ALJ's decision is supported by substantial evidence.

1. Pain and Credibility Assessment

Claimant first argues that the ALJ improperly evaluated his subjective complaints of pain and other symptoms and erred in finding Claimant not entirely credible. (Pl.'s Br. at 16-19.) The Commissioner argues that the ALJ's analysis was in accordance with the applicable law and Regulations.

A two-step process is used to determine whether a claimant is disabled by pain. First, objective medical evidence must show the existence of a medical impairment that reasonably could be expected to produce the pain alleged. 20 C.F.R. § 416.929(b) (2004); SSR 96-7p; see also, Craig v. Chater, 76 F.3d 585, 594 (4th Cir. 1996). If such an impairment is established, then the intensity and persistence of the pain and the extent to which it affects a claimant's ability to work must be evaluated. Id. at 595. When a claimant proves the existence of a medical condition that could cause pain, "the claimant's subjective complaints [of pain] must be considered by the Secretary, and these complaints may not be rejected merely because the severity of pain cannot be proved by objective medical evidence." Mickles v. Shalala, 29 F.3d 918, 919 (4th Cir. 1994). Objective medical evidence of pain should be gathered and considered, but the absence of such evidence is not determinative. Hyatt v. Sullivan, 899 F.2d 329, 337 (4th Cir. 1990). A claimant's symptoms, including pain, are considered to diminish his capacity to work to the extent that alleged functional limitations are reasonably consistent with objective medical and other evidence. 20 C.F.R. § 416.929(c)(4) (2004). Additionally, the regulations provide that:

> [w]e will consider all of the evidence presented, including information about your prior work record, your statements about your symptoms, evidence submitted by your treating, examining, or consulting physician or psychologist, and observations by our employees and other persons. . . . Factors relevant to your symptoms, such as pain, which we will consider include:
>
> (I) Your daily activities;
>
> (ii) The location, duration, frequency, and intensity of your pain or other symptoms.
>
> (iii) Precipitating and aggravating factors;
>
> (iv) The type, dosage, effectiveness, and side effects of any medication you take or have taken to alleviate your pain or other symptoms;

     (v) Treatment, other than medication, you receive or have received for relief of your pain or other symptoms;

     (vi) Any measures you use or have used to relieve your pain or other symptoms (e.g., lying flat on your back, standing for 15 or 20 minutes every hour, sleeping on a board, etc.); and

     (vii) Other factors concerning your functional limitations and restrictions due to pain or other symptoms.

20 C.F.R. § 416.929(c)(3) (2004).

  SSR 96-7p repeats the two-step regulatory provisions. <u>See</u> SSR 96-7p, 1996 WL 374186 (July 2, 1996). Significantly, SSR 96-7p requires the adjudicator to engage in the credibility assessment as early as step two in the sequential analysis; i.e., the ALJ must consider the impact of the symptoms on a claimant's ability to function along with the objective medical and other evidence in determining whether the claimant's impairment is "severe" within the meaning of the regulations. A "severe" impairment is one which significantly limits the physical or mental ability to do basic work activities. 20 C.F.R. § 416.920(c).

  <u>Craig</u> and SSR 96-7p provide that although an ALJ may look for objective medical evidence of an underlying impairment capable of causing the type of pain alleged, the ALJ is not to reject a claimant's allegations solely because there is no objective medical evidence of the pain itself. <u>Craig</u>, 76 F.3d at 585, 594; SSR 96-7p ("the adjudicator must make a finding on the credibility of the individual's statements based on a consideration of the entire case record"). For example, the allegations of a person who has a condition capable of causing pain may not be rejected simply because there is no evidence of "reduced joint motion, muscle spasms, deteriorating tissues [or] redness" to corroborate the extent of the pain. <u>Id.</u> at 595. Nevertheless, <u>Craig</u> does not prevent an ALJ from considering the lack of objective evidence of the pain or the lack of other corroborating

6

evidence as factors in his decision. The only analysis which Craig prohibits is one in which the ALJ rejects allegations of pain solely because the pain itself is not supported by objective medical evidence.

In view of error it found in the ALJ's pain analysis, the Craig Court remanded stating its reasoning as follows:

> [T]he ALJ did not expressly consider the threshold question of whether Craig had demonstrated by objective medical evidence an impairment capable of causing the degree and type of pain she alleges. Instead, the ALJ proceeded directly to considering the credibility of her subjective allegations of pain. . . . Accordingly, we remand to the ALJ to determine whether Craig has an objectively identifiable medical impairment that could reasonably cause the pain of which she complains. If the ALJ concludes that she does, then, and only then, should it undertake an assessment into the credibility of Craig's subjective claims of pain.

Craig, 76 F.3d at 596. Relying upon this language in Craig, this Court remanded in Hill v. Commissioner of Social Security, 49 F.Supp.2d 865, 869 (S.D.W.Va. 1999)(Hallanan, J.), for consideration of the threshold issue in the pain analysis over the Commissioner's contention that it would be a waste of judicial and administrative resources because Mr. Hill would still be found not disabled. Judge Hallanan stated as follows:

> For the Court to make a determination when reviewing whether the ALJ's decision is supported by substantial evidence, the Court expects those below to conduct a full and intensive review of the record. Justice and fairness demand nothing less. To say that the results would be the same upon a second, more comprehensive review and explanation of the record, and therefore should not be done at all, would be to deny the Claimant his right to a fair decision, and in addition, deny the Court of a fully developed record of review.

Hill, 49 F.Supp.2d at 870.

United States Magistrate Judge Gauvey took a different course in Ketcher v. Apfel, 68 F.Supp.2d 629, 651 (D. Md. 1999), on the basis of the Fourth Circuit's decision in Mickles v. Shalala, 29 F.3d 918, 920-21 (4th Cir. 1994). Though the ALJ did not explicitly find that Mr.

7

Ketcher's pain could result from medically determined impairments, Judge Gauvey found that "it is clear that the ALJ made this determination since he noted that the impairments were 'severe' and affected his functional capacity." Ketcher, 68 F.Supp.2d at 650-51. The Court held that "a lack of an explicit finding at the first step of the required pain analysis does not constitute reversible error if the ALJ cites to substantial evidence to support his overall finding on [the claimant's] subjective complaint of pain." Id. at 651.

Citing Craig and Ketcher, United States Magistrate Judge Gesner held in Perkins v. Apfel, 101 F.Supp.2d 365 (D. Md. 2000), that an ALJ's failure to make an explicit finding on the threshold question did not constitute reversible error because the ALJ provided substantial evidence to support his overall pain and credibility determination that the claimant's subjective complaints of pain were not entitled to full credibility and that she was limited to sedentary work. Id. at 373. Chief United States Magistrate Judge Horn has also adopted this practical approach. See Goodwin v. Halter, 140 F.Supp. 2d 602, 608 (W.D.N.C. 2001); Sanders v. Apfel, 2001 WL 114360 (W.D.N.C.); Fulbright v. Apfel, 114 F.Supp.2d 465, 477-78 (W.D.N.C. 2000). For example, in Goodwin, 140 F.Supp. 2d at 608, Judge Horn stated that "[t]he record contains evidence of Plaintiff's arthritis and chronic obstructive pulmonary disease – conditions which *could* reasonably be expected to produce some of the pain claimed by Plaintiff – and thus the ALJ essentially found that Plaintiff could satisfy the first prong of the test articulated in *Craig*."

More recently, in Gavigan v. Barnhart, 261 F.Supp.2d 334, 339 (D. Md. 2003), Judge Gesner, citing Craig, found remand appropriate where "plaintiff suffers from two impairments . . . and yet the ALJ's credibility determination does not contain any Step One analysis with regard to either impairment. Instead the ALJ omitted Step One entirely and limited his credibility analysis to assessing the severity of plaintiff's pain at Step Two." Judge Gesner noted that "[t]he fact that the

ALJ performed a Step Two analysis would seem to suggest that he first reached a conclusion with regard to Step One. Because the ALJ found that the plaintiff has two impairments, and the ALJ's analysis does not distinguish between them, the Court is left to speculate as to the ALJ's conclusion regarding Step One. For example, the ALJ could have determined that plaintiff's back disorder, but not her fibromyalgia, could reasonably be expected to cause her pain or vice versa. He also could have found that both impairments could cause the pain. In any event, the court believes that remand is necessary because the court cannot speculate as to the ALJ's reasoning." Gavigan, 261 F.Supp.2d at 339, n.7.

In the instant case, the ALJ noted the requirements of the applicable law and Regulations with regard to assessing pain, symptoms and credibility. (Tr. at 17-18.) With regard to the threshold test, the ALJ did not make a specific finding, but nonetheless found that Claimant suffered from the severe impairments of depression, anxiety, and degenerative disk and joint disease. (Tr. at 17.) Although the ALJ did not make an explicit statement in the opinion with regard to the threshold determination, the overall analysis of Claimant's pain and credibility is supported by substantial evidence.

The ALJ proceeded to consider the intensity and persistence of Claimant's alleged symptoms and the extent to which they affected Claimant's ability to work. (Tr. at 17-18.) The ALJ summarized both Claimant's testimony and his written statements and considered the requisite factors, including the nature, location, duration and intensity of the pain; the side effects of medication; functional limitations; measures used to relieve pain other than medication; and daily activities. (Tr. at 18.) The ALJ thoroughly considered these factors by asking questions of Claimant at the administrative hearing and by discussing the factors in conjunction with the remainder of the evidence in his decision. (Tr. at 18, 195-207.) The ALJ discussed the symptoms caused by the back

impairment as well as those resulting from the anxiety and depression. The ALJ concluded that "claimant's allegation of total disability was not entirely credible with regard to the frequency and severity of the pain and anxiety." (Tr. at 18.)

The ALJ noted that Claimant's physical findings were not overwhelming and that there were statements made by the Claimant regarding required medical treatment which were not supported by any objective medical evidence. (Tr. at 18.) The ALJ noted that Claimant reported having surgery in August 2002 on his lumbar spine, but that there was no record of the surgery. (Tr. at 18, 199.) He noted that Claimant testified that he was hospitalized for psychiatric symptoms in December 2002, but there was likewise no record. (Tr. at 18, 203.) Additionally, the ALJ noted Claimant's allegations that he needed a total knee replacement, but there was no evidence to confirm the allegation. (Tr. at 18.) The ALJ stated that Claimant failed to submit any evidence of medical treatment within the last 15 months for his back or for his mental condition. (Tr. at 18.)

X-rays of Claimant's back in 1994 showed only mild degenerative changes of the lumbosacral spine region and Dr. Landis diagnosed lumbosacral strain/sprain. (Tr. at 106.) In November 1995, Dr. Landis noted that Claimant wished to be referred to a pain clinic; however, Dr. Landis did not deem this necessary. (Tr. at 102.) Dr. Landis advised that if the medications did not help with the pain, Claimant should discontinue the medication. (Tr. at 102.) In December 2001, Claimant saw Dr. Suresh Kamath for back and neck pain. (Tr. at 141.) Dr. Kamath noted paravertebral muscle spasm and tenderness over the cervical neck muscles. (Tr. at 141.) The diagnoses were lumbar disc disease, facet joint arthropathy, and degenerative disc disease. (Tr. at 141.) Dr. Kamath advised that Claimant "probably won't be able to do the sort of job he has been doing." (Tr. at 141.)

In March 2002, an MRI of the lumbar spine showed a herniated disc at L4-5 centrally and

10

left-sided with foraminal stenosis and nerve root sheath impingement. (Tr. at 133.) It showed also small central L5-S1 disc with slight left-sided predominance without evidence of nerve root sheath impingement and circumferential bulging of the degenerated disc at L3-4. (Tr. at 133-34.) Dr. Julian Bailes recommended a left L4-5 microdiscectomy in June 2002. (Tr. at 122.) As the Commissioner notes, no treating or examining physician has opined that Claimant is disabled due to his physical complaints and impairments. Additionally, the ALJ accounted somewhat for Claimant's subjective complaints by limiting him to lifting only 10 pounds occasionally and by placing upon him postural limitations in determining the RFC. (Tr. at 19.)

The undersigned finds that, though the ALJ did not state specifically that Claimant demonstrated by objective medical evidence impairments capable of causing the pain he alleged, the ALJ nevertheless basically reiterated the impairments which he found to be severe and recognized them as potential sources of pain as alleged by Claimant, thereby fulfilling the requirements of step one in his pain analysis. He then proceeded to assess Claimant's statements that he suffered disabling pain in view of the impairments and the medical evidence. The ALJ therefore properly considered all of the available evidence in assessing the intensity and persistence of Claimant's pain and other symptoms noting the factors stated above and the medical evidence of record.

The Claimant does not assert that the ALJ failed to engage in the two-step analysis, and fails to specifically assert how the ALJ improperly assessed his pain and credibility. Claimant merely notes some of his medical conditions and restates his allegations of subjective pain. (Pl.'s Br. at 16-19.) As noted, the ALJ properly evaluated Claimant's pain and credibility using the requisite analysis and considering the applicable factors. Upon a careful review of the record, the Court finds the ALJ's analysis of Claimant's pain and credibility proper and in accordance with the applicable

11

law and Regulations. The ALJ did not find that Claimant suffered no symptoms; he merely found that the symptoms were not as severe as Claimant alleged. (Tr. at 18-19.) The ALJ's determination on Claimant's pain and credibility is supported by substantial evidence.

2. ALJ's Consideration of Impairments in Combination

Claimant next argues that the ALJ did not properly consider the combined effects of his impairments. (Pl.'s Br. at 19-20.) The Commissioner asserts that this argument is without merit.

The Social Security Regulations provide as follows:

> In determining whether your physical or mental impairment or impairments are of a sufficient medical severity that such impairment or impairments could be the basis of eligibility under the law, we will consider the combined effect of all of your impairments without regard to whether any such impairment, if considered separately, would be of sufficient severity.

20 C.F.R. § 416.923 (2004). Where there is a combination of impairments, the issue "is not only the existence of the problems, but also the degree of their severity, and whether, together, they impaired the claimant's ability to engage in substantial gainful activity." Oppenheim v. Finch, 495 F.2d 396, 398 (4th Cir. 1974). The ailments should not be fractionalized and considered in isolation, but considered in combination to determine the impact on the ability of the claimant to engage in substantial gainful activity. Id. The cumulative or synergistic effect that the various impairments have on claimant's ability to work must be analyzed. DeLoatche v. Heckler, 715 F.2d 148, 150 (4th Cir. 1983.)

The Claimant fails to point to any specific portion of the record or any specific evidence demonstrating that the ALJ failed to consider the severity of Claimant's impairments in combination and "fractionalized" the impairments. (Pl.'s Br. at 19-20.) The ALJ specifically noted the requirements of the Regulations with regard to considering impairments in combination. (Tr. at 15, 17.) The ALJ then discussed Claimant's impairments, finding that his depression, anxiety, and

degenerative joint and disc disease were severe impairments. (Tr. at 17.) The ALJ specifically found, however, that the record did not "reflect an impairment or combination of impairments meeting the requirements of Appendix 1 . . . ." (Tr. at 17.) Further, the ALJ considered and accounted for Claimant's various impairments in determining Claimant's residual functional capacity, limiting him to lifting 10 pounds occasionally and placing upon him other postural limitations and restrictions to a low noise environment and simple, repetitive job tasks with minimal social interaction. (Tr. at 19.) Additionally, the ALJ noted that he had considered all of the evidence of record in making his decision. (Tr. at 21.)

Claimant argues that the ALJ discounted evidence regarding his hearing difficulty. (Pl.'s Br. at 21.) Claimant points to no objective evidence of such an impairment, however, and he admitted at the hearing that he never mentioned this problem to his doctors. (Tr. at 198, 211.) Claimant further asserts that the ALJ failed to consider that his GAF score was 25 in July 2002. (Pl.'s Br. at 21.) The ALJ noted Claimant's admission to the hospital in July 2002 for severe depression with suicidal ideation and plan. (Tr. at 16, 146-47.) He further noted, however, that with medication, his mood improved and he was sleeping and eating well. (Tr. at 16, 143.) Claimant was discharged on July 22, 2002 with diagnosis of major affective illness with depression. (Tr. at 16, 143.) Claimant was to be followed on an outpatient basis. (Tr. at 143.) Claimant admitted that he never followed up with any outpatient treatment. (Tr. at 163, 240.)

Claimant takes no issue with the ALJ's findings under the special technique for evaluating mental impairments. The ALJ concluded that Claimant had only mild limitation of activities of daily living; mild difficulties in maintaining social functioning; moderate difficulties in maintaining concentration, persistence, and pace; and no repeated episodes of decompensation of extended duration. (Tr. at 17.) Upon review of the evidence of record and the ALJ's decision, the Court finds

that the ALJ's consideration of Claimant's impairments is consistent with all applicable standards and Regulations, and his conclusions are supported by substantial evidence. Claimant's argument is therefore without merit.

After careful consideration of the evidence of record, the Court finds that the Commissioner's decision is supported by substantial evidence. Accordingly, for the reasons set forth in this Memorandum Opinion and by the Judgment Order entered this day, the Plaintiff's Motion for Summary Judgment is DENIED, Defendant's Motion for Judgment on the Pleadings is GRANTED, the final decision of the Commissioner is AFFIRMED and this matter is DISMISSED from the docket of this Court.

The Clerk of this Court is directed to provide copies of this Memorandum Opinion to all counsel of record.

ENTER: September 23, 2005.

R. Clarke VanDervort
United States Magistrate Judge